```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
                                :
DAVID ANDERSON,                 :
                                :
                Plaintiff,      :  MEMORANDUM AND ORDER
                                :
    - against -                 :  Civil Action No.
                                :  CV-04-3627 (DGT)
JOHN KOLLEGER AND LISA MURPHY,  :
                                :
                Defendants.     :
                                :
--------------------------------X
```

TRAGER, J.

Plaintiff David Anderson ("Anderson" or "plaintiff") alleges breach of contract, breach of fiduciary duty and conversion claims against John Kollegger ("Kollegger") and Lisa Murphy ("Murphy") (collectively, "defendants") arising out of their alleged failure to abide by the Operating Agreement for their joint business venture, Bay Shore Medical Equipment, L.L.C. ("Bay Shore" or "the Company"). Defendants, citing ongoing litigation in other jurisdictions, move to dismiss pursuant to Fed. R. Civ. P. 12(c). Plaintiff cross-moves to disqualify defendants' counsel on the grounds that their past and ongoing representation of Bay Shore in different legal proceedings raises a conflict of interest.

**Background**

Anderson, Kolleger and Murphy are the shareholders and officers of Bay Shore. Bay Shore, which is in the business of

buying and selling medical imaging equipment, is a Delaware limited liability company authorized to do business in New York. Anderson, a resident of Texas, has been an officer of Bay Shore since September 1, 2000, and a member of the company since April 4, 2001. See Defendants' Affirmation In Support of Motion to Dismiss ("Def. Aff.") at Exhibit C (Justice Dunn's Order, dated June 24, 2003). Kollegger and Murphy, the two remaining principals, are both residents of New York. There appears to be no real dispute as to the presence of diversity jurisdiction as the opposing parties are from different states and the amount in controversy is alleged to exceed $75,000.[1]

**(1)**

**Prior Actions Between the Parties**

The instant action is at least the third in a series of cases lodged elsewhere. First, in December of 2002, Bay Shore brought an action in Suffolk County Supreme Court against Anderson for breach of fiduciary duty, unfair competition and improper use of confidential information.[2] The action surrounded the purchase of a gamma camera imaging device, in which Anderson

---

[1] Defendants' Answer asserts as an affirmative defense that alleged damages do not reach the jurisdictional minimum of $75,000. However, they make no such argument in any of their moving papers. Thus, that argument is deemed abandoned at the present time.

[2] The action was initiated by Kollegger and Murphy, who represented a majority vote of the Board of Bay Shore. See Ex. C to Def. Aff. at 2.

2

was alleged to have used confidential business information to reap a personal profit of approximately $16,000. Bay Shore sought $27,000 in lost profits resulting from the transaction and $500,000 in punitive damages. See Def. Aff. ¶ 5. Anderson moved, and Bay Shore cross-moved, for summary judgment. Both motions were denied on June 24, 2003. See Ex. C to Def. Aff. at 1; see also Plaintiff's Affirmation ("Pl. Aff.") ¶ 29. Anderson brought no counterclaims in that action.

In October of 2003, Anderson initiated a separate proceeding in Suffolk County Supreme Court to dissolve Bay Shore or, in the alternative, to force a buy-out agreement with Kollegger and Murphy. In that second action, Anderson alleged that since January of 2001, Kolleger and Murphy engaged in repeated and extensive questionable business practices, utilized Bay Shore as an alter ego for their own personal benefit and took undocumented and unauthorized monetary distributions. Anderson further alleged that he was improperly excluded from participation in internal and external policy decisions, as well as all management rights and duties. As examples of Kolleger and Murphy's alleged breach of the Operating Agreement and their fiduciary duties, Anderson claimed that Kollegger and Murphy, as officers of Bay Shore, ceased payment of salary and all distributions to Anderson, changed financial institutions, moved facilities, established a corporate credit card solely for their own use,

3

paid their "personal benefits taxes" with Bay Shore funds and brought a baseless and frivolous legal action against Anderson. See Def. Aff. at Exhibit D.  Upon the express consent of all parties, a temporary receiver was appointed to evaluate Anderson's interest in the company and to effect the purchase of that interest by Kollegger and Murphy.  See Def. Aff. at Exhibit E.  Both state court cases appear to remain pending at this time. Moreover, another action was apparently commenced by Anderson against Kollegger and Murphy in Texas, but the status of that case is unknown.

**(2)**

**Plaintiff's Complaint in the Instant Action**

Anderson now brings this action in federal court, charging defendants with numerous violations of the Operating Agreement which, like the Suffolk County dissolution proceeding, reflect his contention that Kolleger and Murphy have acted to advance their personal interests at Bay Shore's (and, presumably, his) expense.  See Complaint ("Cplt.") ¶¶ 8-9.  As in the Suffolk County dissolution proceeding, Anderson claims a right to receive certain distributions from the Company that he alleges were improperly withheld and in derogation of Bay Shore's best interests.  See Cplt. ¶¶ 8-9.

In addition to seeking distributions, Anderson's federal action appears to repeat other allegations made against Bay Shore

4

in the Suffolk County dissolution proceeding, including Kolleger and Murphy's decisions to change Bay Shore's financial institutions; move the Company's facilities; establish a corporate credit card, allegedly for the sole benefit of the defendants; use Bay Shore funds to pay Kolleger's and Murphy's personal New York State income taxes; make unauthorized withdrawals from Bay Shore's account; obtain a fraudulent loan from Northfork Bank; divert funds from Bay Shore to their personal accounts; and prevent Anderson from participating in accounting and payroll functions of Bay Shore and reviewing Bay Shore's financial records. See Cplt. ¶¶ 10-11.

## Discussion

Defendants have moved to dismiss this action under Rule 12(c).[3] Plaintiff, for his part, moves to disqualify Kolleger and Murphy's counsel, Krieg Associates. P.C. ("Kreig"), for its alleged conflict of interest stemming from prior representation of Bay Shore in the pending state court litigation.

Defendants argue that the state-court and federal-court

---

[3] A motion to dismiss under Rule 12(c) is governed under the identical standard for motions brought pursuant to Rule 12(b)(6). See DeMuria v. Hawkes, 328 F.3d 704, 706 n. 1 (2d Cir. 2003). A court may grant such a motion only "when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Phillip v. University of Rochester, 316 F.3d 291, 293 (2d Cir. 2003) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (internal quotation marks omitted)).

actions are based upon the same set of facts and involve the same parties, and that the current action, therefore, should be dismissed.  Plaintiff contends that the federal action is fundamentally different because it is against Kolleger and Murphy in their personal capacities and not as part of an action involving Bay Shore itself.  Although plaintiff's argument seems dubious, at best, it need not be resolved at this time.  Neither, for that matter, does plaintiff's cross-claim to disqualify defendants' counsel.  Rather, this action will be stayed in light of the pendency of the two prior Suffolk County state-court proceedings with leave to reopen upon their resolution.

Because it appears that the issues raised in the current action are nearly identical to those in the dissolution proceeding, the decision to stay the instant action upon the resolution of both state-court proceedings avoids inconsistent adjudication, conserves judicial resources and prevents duplicative and piecemeal litigation.  It also appears that Anderson can raise the claims pressed here in one of the ongoing proceedings, as his claims are governed by the substantive law of New York.[4]  Therefore, at this time, the pending action should be

---

[4] This remains the case despite the absence of any compulsory counterclaim rule within New York.  <u>East 55th Street Joint Venture v. Litchman</u>, 126 Misc.2d 1049, 1051, 487 N.Y.S.2d 256 (1984) ("In New York practice . . . the defendant who has a claim against the plaintiff can assert it as a counterclaim or bring separate suit on it.  He does not, merely by withholding it

stayed.

## Conclusion

For the reasons stated above, the present action is stayed pending resolution of <u>Application of David Anderson, For the Dissolution of Bay Shore Medical Equipment, LLC</u>, No. 25839/03 (N.Y. Civ. Ct. filed Oct. 22, 2003) and <u>Bay Shore Medical Equipment, LLC v. Anderson</u>, No. 31025/02 (N.Y. Civ. Ct. filed Dec. 6, 2002).

The Clerk of Court is directed to administratively close the case.

Dated: Brooklyn, New York
       August 23, 2005

                                        SO ORDERED:


                                        _____/s/_____
                                        David G. Trager
                                        United States District Judge

---

as a counterclaim, forfeit it, as he would if a 'compulsory' counterclaim rule applied.") (citing Siegel, Practice Commentaries, McKinney's Cons. Laws of N.Y., Book 7B, CPLR C3019:2, p. 216).